Carroll,
No. 4630.

ARTHUR L. HASKINS *v.* NORMAN W. DUBE

HENRY F. HURLBURT, *Intervenor.*

Argued January 7, 1958.
Decided February 4, 1958.

*James J. Kalled* and *Lawrence J. Walsh* (*Mr. Walsh* orally), for the plaintiff.

*Jerry L. Thayer, Jr.* for the intervenor.

KENISON, C. J. This case illustrates the difficulty under existing law encountered by a businessman who makes a bona fide arrangement to finance his business by using his equipment and stock in trade as security under a chattel mortgage. It is the plaintiff's position that this could have been accomplished effectively under the Factors' Liens Act (RSA ch. 446) but that it was ineffective as against attaching creditors under the Chattel Mortgage Act. RSA ch. 360. Except as modified by specific statute it has been the general rule in New Hampshire and in a majority of other jurisdictions that an understanding or agreement between the chattel mortgagor and mortgagee that the former is free to sell the chattels for his own benefit renders the mortgage void as to creditors. Anno. 73 A. L. R. 236. *Hodgdon* v. *Libby,* 69 N. H. 136; Cohen & Gerber, Mortgages of Merchandise, 39 Col. L. Rev. 1338. The intervenor concedes this to be the general rule but argues that it has no application to this case since the mortgagee obtained possession prior to the plaintiff's attachment.

The plaintiff contends that only under the Factors' Liens Act (RSA ch. 446) can a shifting inventory be safely encumbered. This

court has given more efficacy to financing under the Factors' Liens Act than has been accorded elsewhere. *Colbath* v. *Mechanicks National Bank*, 96 N. H. 110. See *Manchester Nat. Bank* v. *Roche*, 186 F. (2d) 827; note, 32 Ind. L. J. 56, 72 (1956). There are other statutory methods of inventory financing such as chattel mortgages (RSA ch. 360) and conditional sales (RSA ch. 361) and trust receipts. RSA ch. 445. However, the statutes are somewhat confusing, overlapping and contain arbitrary limitations under each chapter. Dunham, Inventory and Accounts Receivable Financing, 62 Harv. L. Rev. 588, 590-592; Skilton, The Factor's Lien on Merchandise, 1955 Wis. L. Rev. 356, 377. In some cases there has been difficulty distinguishing them. *General Motors* v. *Berry*, 86 N. H. 280. In other cases variations in statutory wording have caused uncertainty to the parties as well as to court and counsel. *Randall* v. *Pingree*, 100 N. H. 322. "Chattel mortgage law and conditional sales law are what they are, not because anyone in his right mind ever thought that such a body of law made sense, but as a result of long process of tinkering to make late-medieval legal forms workable in an industrialized society. We might as well hope to solve our transportation problems by fitting an ox-cart with a jet-propelled engine." Gilmore, Chattel Security: II, 57 Yale L. J. 761, 775 (1948). This clog in ordinary commercial financing has given impetus to the consideration of an integrated statute which is safe and certain such as that proposed in the Uniform Commercial Code adopted in Massachusetts and Pennsylvania and under study in other states. See UCC *s.* 9-201 and *s.* 9-205 and comment. See also, 1 Birnbaum, Secured Transactions under the Uniform Commercial Code, *pp.* 6, 92 (1954).

In the present case it is recognized by both court and counsel that this is not a case of first impression and must be decided on the basis of existing precedent in this state. The provision of the Chattel Mortgage Act that the mortgagor may sell the mortgaged goods if the proceeds "are applied upon the mortgage debt" is not only impractical (1 Paton's Digest 924) but inapplicable since there was no such provision in this mortgage. RSA 360:21. The general rule is that a chattel mortgage which allows the mortgagor to sell without accounting is void. This rule applies unless the intervenor comes within some exception to it. *Putnam* v. *Osgood*, 52 N. H. 148. It has been recognized that this general rule could be relaxed in those cases where the mortgagee has obtained possession before other creditors of the mortgagor have

attached the goods. Accordingly, it was held in *Pettee* v. *Dustin*, 58 N. H. 309, that in the absence of actual fraud, possession by the mortgagee was valid against a subsequent attachment although the mortgage was originally invalid under the general rule. That decision governs this case. But contrary to what was said in that case, it had previously been established that there was no foundation for the dictum of *Janvrin* v. *Fogg*, 49 N. H. 340, 351, cited therein, to the effect that possession taken by a mortgagee under his mortgage without any other agreement will not protect him against a subsequent creditor if the mortgage proves to be invalid as to creditors. *Clark* v. *Tarbell*, 57 N. H. 328, 330. *Gooding* v. *Riley*, 50 N. H. 400.

The mortgages held by the intervenor in this case were good as between the parties. Since the intervenor took possession of the stock in trade and foreclosed the mortgages before the plaintiff attached, the intervenor's rights were superior. *Hodgdon* v. *Libby*, 69 N. H. 136.

It may be argued that this exception to the general rule leads to an unseemly race between the creditors and the mortgagee for the purpose of acquiring a valid prior interest in the property. However, the ruling in *Pettee* v. *Dustin*, *supra*, has not been overruled or qualified in subsequent decisions. Furthermore, the result is not uncommon in those cases where there is a long line of creditors fighting over a short list of assets in which, generally speaking, those prior in time prevail.

A further question may be presented as to the intervenor's rights in any stock in trade which may have been acquired by the mortgagor after the mortgages were executed. The mortgage purported to convey "all stock in trade . . . hereafter acquired." This provision was enforceable between the parties. *Commonwealth Trust Co.* v. *Company*, 77 N. H. 146, 148, 149. Since the mortgagee took possession prior to attachment by the plaintiff creditor who had actual notice of the mortgagee's claim, the mortgagee's claim will take priority. *Id.* *Cf. Spinney* v. *Meloon*, 74 N. H. 384.

It follows, that regardless of when the stock in trade was acquired by the mortgagor, the claim of the intervenor to the proceeds of the sheriff's sale was superior to that of the plaintiff.

*Exception sustained.*

All concurred.